FILED
2020 Jul-08 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TAZEWELL SHEPARD, Trustee,** | } |
| Plaintiff, | } |
| v. | } Case No.: 5:20-mc-00771-MHH |
| **GREGORY CARDWELL,** | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

Tazewell Shepard, as Trustee for the bankruptcy estate of debtor VGC, Inc., filed an adversary proceeding complaint against defendant Gregory Cardwell. (Doc. 3-1). In the adversary complaint, Mr. Shepard alleges that Mr. Cardwell violated the Alabama Fraudulent Transfer Act. (Doc. 3-1, pp. 5–6). The parties have jointly moved to withdraw the reference and litigate the fraudulent transfer claim in this district court rather than in the bankruptcy court. (Doc. 1). For the reasons below, the Court grants the parties' motion.

District courts have "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), a district court may refer a bankruptcy case to bankruptcy court. After a district court refers a bankruptcy case to a bankruptcy court, 28 U.S.C. § 157(d) governs

requests to withdraw the reference. Withdrawal may be either mandatory or permissive. *See* 28 U.S.C. § 157(d). The parties have not argued that mandatory withdrawal is applicable. Accordingly, the Court addresses only permissive withdrawal.

District courts may withdraw "in whole or in part any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). To determine whether cause exists, the Eleventh Circuit Court of Appeals has directed district courts to "consider such goals as advancing the uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991)). Courts also may consider: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Price*, No. 2:06-mc-3317-MHT, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007) (quotations and citations omitted).

After considering these factors, the Court grants the parties' motion and withdraws this case from the general order of reference. Mr. Shepard made a jury demand and seeks compensatory damages, an issue generally decided by a jury. *See Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995); *see also Feltner v. Columbia*

*Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (recognizing the general rule that monetary relief is legal in nature and that such claims give rise to a right to trial by jury). Mr. Shepard alleges violations of the Alabama Fraudulent Transfer Act, which may require interpretation of a non-Code statute in deciding the claim. And, in a March 27, 2020 status conference, the Bankruptcy Court recommended withdrawing the reference, indicating that doing so would best serve the interests of this Court, the various related cases, and the parties. The Bankruptcy Court's recommendation suggests there is no concern about upsetting the uniform application of bankruptcy laws. As a practical matter, the case has been in the Bankruptcy Court for a short time, and there is no evidence that the parties' motion is an attempt to delay the proceedings or forum shop. Accordingly, permissive withdrawal is appropriate here.

For the reasons discussed above, the Court grants the parties' motion to withdraw the reference. (Doc. 1). This adversary proceeding, (Adversary Case No. 20-80036-CRJ), is withdrawn from the United States Bankruptcy Court for the Norther District of Alabama, Northeastern Division. The Court asks the Clerk of Court to please mail a copy of this order to the Clerk of Court for the United States Bankruptcy Court for the Northern District of Alabama and to assign a civil case number for this matter.

**DONE** and **ORDERED** this July 8, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE